# EXHIBIT A

**ORIGINAL**

IAN OTTO, SBN: 284756
ALEXANDER A. GUILLEN, SBN: 229060
**LAW OFFICE OF OTTO & GUILLEN, PC**
24301 Southland Drive, Suite 200
Hayward, CA 94545
Tel: (510) 363-9981
Fax: (510) 363-9344
iotto@ottoguillenlaw.com
aguillen@ottoguillenlaw.com

Attorneys for Plaintiff,
JULIA OWENS

**FILED**
Clerk of the Superior Court
JUL -7 2017
By_____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SOLANO
## UNLIMITED JURISDICTION

| | |
|---|---|
| JULIA OWENS, individually, and on behalf of herself and all others similarly situated, <br><br> PLAINTIFF, <br><br> vs. <br><br> SANTANDER CONSUMER USA, INC., an Illinois Corporation; and DOES 1 through 500, inclusive, <br><br> DEFENDANTS. | Case No.: **FCS049167** <br><br> UNVERIFIED COMPLAINT FOR INJUNCTIVE RELIEF FOR: <br><br> 1. Violation of California Business and Professions Code §17200, et seq., Unlawful Acts or Practices <br><br><br> **ASSIGNED TO JUDGE** Beeman <br> **FOR ALL PURPOSES** |

BY FAX

JULIA OWENS ("Plaintiff") allege the following on information and belief:

### PARTIES

1. Plaintiff currently resides, and at all relevant times did reside, in the County of Solano, State of California. For purposes of the transactions referred to in this complaint, Plaintiff OWENS was also known to the Defendants as Julia Johnson, which was her married name at that time.

1

**FOURTH AMENDED UNVERIFIED COMPLAINT**

2. Plaintiff is a "Person" as defined in 15 U.S.C. §1602 (d), Vehicle Code §470, 12 CFR §226.2(22), Business & Professions Code § 17201, and, a "Consumer" as defined in 15 U.S.C. §1602 (h), and 12 CFR §226.2(11).

3. Defendant, SANTANDER CONSUMER USA, INC. (hereinafter "Santander") is, and at all relevant times herein was, a financial institution engaged in the business of purchasing and holding conditional sale contracts for automobiles from dealers and collecting payments made by consumers pursuant to such contracts. Santander is, and at all relevant times herein was, doing business in California, including SOLANO County

4. Plaintiff is ignorant of the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as DOES 1 through 500, inclusive, and therefore, pursuant to the provisions of CCP §474, designate them by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that Defendants DOES 1 through 500 are in some manner responsible for acts, occurrences, and transactions set forth herein and are legally liable to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities when they become known.

### AGENCY

5. At all relevant times herein, each Defendant, whether actually or fictitiously named, was the principal, agent or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

6. When reference in this complaint is made to any act or omission of a defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs

2

FOURTH AMENDED UNVERIFIED COMPLAINT

of defendants and while acting within the scope and course of their duties.

7. When reference in this complaint is made to any act or omission of defendants, such allegation shall be deemed to mean the act or omission of each defendant acting individually and jointly with the other named defendants.

8. At all relevant times, each defendant knew or realized that the other defendants were engaging in, or planned to engage in, the violations of law alleged in this complaint. Knowing or realizing that other defendants were engaging in such unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each defendant intended to, and did, encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

9. Each Defendant ratified the wrongful conduct of each other, its agents and/or employees, accepted the benefits of their wrongful conduct, and failed to repudiate the misconduct.

## JURISDICTION AND VENUE

10. The matter is properly filed within the Unlimited Jurisdiction of the Court in that Plaintiff seeks Injunctive Relief against Santander on behalf of all consumers and the general public, which is beyond the jurisdiction of a court of Limited Jurisdiction.

11. As a number of the actions and events underlying this complaint took place in the county of Solano.

## FACTS

**A.   Plaintiff's Automobile Purchase**

12. Since 2011 Plaintiff has been making car payments to Defendant Santander for her vehicle. Santander acquired the rights to receive Plaintiff's monthly car payments through assignment from Team Chevrolet ("Dealer") in Vallejo.

13. From the first month anniversary of the sale of the Vehicle, Plaintiff has been making her monthly payment to Santander, up to and including the present date.

14. Up to and including the present date, at no point during the many monthly payments Plaintiff has made to Santander has Santander sent her written notice or informed her that they may take or had taken adverse credit action against Plaintiff.

### B. Plaintiff Considers, But Does Not Complete Bankruptcy

15. In the latter part of 2012, Plaintiff had some financial difficulties and was considering declaring bankruptcy. Plaintiff even went so far as to file for bankruptcy in federal court.

16. Plaintiff, however, did not wish to include the debt she owed to Santander in the bankruptcy proceedings, as she needed her vehicle for traveling to work. Exercising her right under the law to exclude the debt for her Vehicle from the contemplated bankruptcy, Plaintiff did not list her existing debt for the Vehicle and the Contract in her bankruptcy filing.

17. Plaintiff then contacted Santander and explicitly told it that although she was filing for bankruptcy, she wanted to reaffirm her debt for the vehicle with Santander and would continue making timely payments under the contract. She did not request any alteration of the payment schedule or monthly amount due. Santander thanked her for notifying it regarding the pending bankruptcy filing and told Plaintiff that all she needed to do to maintain her account was to make the equivalent of two monthly payments when the next payment was due, and then Plaintiff simply had to continue making her monthly payments as she had been in the past until she finished her payments.

18. Santander never stated it would impose any financial penalty or other consequence as a result of her filing for bankruptcy, or from a bankruptcy judgment--something it could not do if Plaintiff had proceeded with the bankruptcy, executed a Chapter 7 Individual Debtor's Statement of Intention on which she reaffirmed her debt to Santander, and then continued to make her monthly payments.

19. In fact, Santander had no right to demand Plaintiff make the equivalent of two monthly

4

payments to keep her account in good standing while she filed for bankruptcy. According to Santander (and the law), if Plaintiff reaffirmed her debt and made all her payments her account with Santander would remain in good standing, and there would be no negative credit reporting regarding the debt she owed to Santander. After she talked with Santander Plaintiff made twice the normal monthly payment the following month.

20. Shortly after contacting Santander to inquiry about keeping her account outside of her bankruptcy and in good standing, Plaintiff decided against completing the bankruptcy and dismissed the proceeding. As a result Plaintiff never discharged any of her debts under Chapter 7 or Chapter 13, including her vehicle debt to Santander.

21. Despite the financial difficulties she was experiencing at the time, Plaintiff continued to make monthly payments to Santander for more than a year before a credit inquiry revealed that Santander had made a negative credit report regarding Plaintiff's supposed bankruptcy. From Plaintiff's credit reports, it appears that Santander reported Plaintiff's account for her vehicle as a "charge off," which is the banking industry's nomenclature for an installment loan that has been delinquent for more than 120 days and/or is deemed unrecoverable and therefore a loss.

22. Santander charged off Plaintiff's account even though Plaintiff was never 120 days delinquent and had never discharged her debt to Santander through bankruptcy. The sole reason for reporting her account as a charge off appears to be the fact that Plaintiff informed Santander that she was filing bankruptcy, even though she explicitly expressed her intention to affirm her debt for the vehicle and, consistent with her intentions and its direction, continued to make her monthly payments thereafter. Plaintiff, however, never actually discharged her debt to Santander through bankruptcy, undercutting Santander's ability to even characterize her loan as a bad debt under 26 U.S.C. § 166, much less comply with the Fair Credit Reporting Act's fundamental requirement of truthfulness in

5

credit reporting when it characterized her loan as a bad debt to the credit reporting agencies.

23. Nor did Plaintiff ever receive an IRS Form 1099-C from Santander indicating a corresponding tax liability for the cancellation of more than $15,000 she then owed on the vehicle. Under the Internal Revenue Code, Santander is required to report to the IRS any cancelation of consumer credit debt greater than $600.

24. Santander has refused Plaintiff's requests to remove the negative statement it put on her credit report. Plaintiff has made formal inquiries to the credit reporting agencies regarding Santander's negative reporting regarding her vehicle, but the credit reporting agencies are unwilling to alter Santander's comments without a request from Santander. Santander's derogatory credit reporting that it had to charge off Plaintiff's debt, however, causes tangible injury and harm to Plaintiff by reducing her credit score, increasing her cost of credit, and causing her to pay more for her vehicles under the terms of her retail installment sales contract and Santander's remarks will stay on Plaintiff's credit report for seven years.

## CLASS ALLEGATIONS FOR INJUNCTIVE RELIEF CLASS

25. Pursuant to California Code of Civil Procedure §382 and California Business and Professions Code §17203, Plaintiff brings this action against Santander on behalf of herself and the following Injunctive Relief Class:

> "All persons in California (1) who owed a debt to Santander (2) for which Santander reported to the credit reporting agencies as "charged off" (3) even though the debt was not discharged through bankruptcy, through death, or because the account was 120 days or more past due. Excluded from the class are government entities; Defendants, Defendants' officers, directors, employees, subsidiaries, agents and affiliates; and any judges or justices assigned to hear any aspect of this litigation."

26. Plaintiff brings this class action on behalf of the Injunctive Relief Class under California State law and does not allege any cause of action under federal statutes and specifically

disavows any inference to that effect. Plaintiff seeks to represent a class limited to California residents.

27. The Class period shall begin four year before the time Plaintiff's complaint was first filed and end at a date to be determined by the Court (the "Injunctive Relief Class Period").

28. This action is suitable for class action treatment by the Court because it satisfies the requirements of California Code of Civil Procedure §382, California Business and Professions Code §17203, and those set out by California courts, namely numerosity, commonality, typicality, adequacy of representation, as well as predominance of class issues and superiority.

29. The proposed Injunctive Relief Class is so numerous as to make joinder of each class member impracticable; only Santander knows the true extent of the Class, but on information and belief, the Injunctive Relief Class numbers in at least the hundreds, if not thousands. The size of the class can be ascertained through appropriate discovery of Santander, who is in possession of knowledge and information regarding the exact scope of the proposed class.

30. There are common questions of law for Plaintiff and the Injunctive Relief Class, including but not limited to:

   a. Whether Santander submits negative credit comments to the credit reporting agencies, including having charged off a debt, when the debtor's account has not been discharged due to bankruptcy;

   b. Whether Santander submits negative credit comments to the credit reporting agencies, including having charged off a debt, when the debtor's account has not been discharged due to death;

   c. Whether Santander reports to the credit reporting agencies that it had to charge off a debt because the account is 120 days past due when in fact the account is not 120 days past due;

   d. Whether Santander has any criterion or policy in place for determining when to report to the credit agencies a debt as "charged off;"

   e. Whether the law permits Santander to report a debt as charged off when it receives

7

FOURTH AMENDED UNVERIFIED COMPLAINT

notice of an account holder filing bankruptcy, as opposed to a debt being discharged under bankruptcy;

f. Whether Plaintiff and class members were injured or harmed by Santander's practice of improperly reporting that their accounts were charged off;

g. Whether Plaintiff and class members continue to be injured or harmed by Santander's practice of improperly reporting that their accounts were charged off;

h. Whether Santander's practice of improperly reporting that accounts were charged off violated California Business & Professions Code § 17200 et seq.;

i. Whether Plaintiff and class members are entitled to injunctive and other equitable relief and, if so, the nature of such relief, including repairing class members' credit and preventing Santander from continuing its unfair credit reporting;

j. Whether Santander's alleged conduct described herein was intentional and/or willful.

31. Plaintiff's claims alleged herein are typical of each member's of the Injunctive Relief Class claims in that all have been subject to the same illegal practices regarding Santander's inappropriate reporting of account charge offs, causing the class members to have lower credit scores and higher credit costs.

32. Plaintiff will adequately represent the Injunctive Relief Class, as her interests are directly aligned with those of the class in seeking to remove the derogatory credit remarks from their credit reports and impose injunctive relief preventing Defendant from continuing to harm the class members and the general public. Plaintiff has no irreconcilable conflicts with or interests materially antagonistic to those of the proposed class members. Plaintiff has also retained attorneys who are experienced in the prosecution of complex class actions, including consumer class actions such as this one.

33. With respect to the Injunctive Relief Class claims alleged herein, the common questions of law and fact will predominate over individual issues because the central factual and legal inquiry of the Injunctive Relief Class claims will focus on Santander's practice, scheme or plan of improperly reporting charge offs to the credit reporting agencies and whether these practices violated

applicable California statutes and common law.

34. Moreover, class action treatment of these claims is superior to numerous individual actions brought by the Class members for the following reasons. First, multiple individual actions against Santander risk inconsistent adjudications. Second, numerous actions relitigating the same core factual and legal questions waste the resources of both the courts and the parties, and place unnecessary burdens on the legal system. Third, as a practical matter, determination of the Class claims advanced here on an individual basis would determine legal and factual issues for subsequent individual actions against Santander for the same unlawful conduct. Fourth, the injunctive and declaratory relief sought by the Plaintiff would apply equally to all the Class members. Finally, Class treatment will allow the adjudication and vindication of the rights of Class members who are unaware of Santander's unlawful conduct to which they fell victim, or find it difficult or impossible to seek redress from the Court in individual actions due to the likely high expense and burden of litigating their claims for injunctive relief.

35. Notice of the pendency and/or resolution of this action can be provided to the proposed class members by publication or individual mailed notice, as appropriate under California law, and such costs are properly imposed on Santander.

**FIRST CLASS CAUSE OF ACTION**
**For Violation of California Business and Professions Code §17200, et seq.**
**Unlawful Acts or Practices.**
**Against SANTANDER, and DOES 1 – 500, Inclusive**

36. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth in this cause of action.

37. As a direct, proximate, and foreseeable result of the wrongful business acts and/or practices of Santander, and DOES 1 – 500, Inclusive, and each of them, as alleged herein, including the improper reporting of charge offs to the credit reporting agencies, Plaintiff and Injunctive Relief Class members have suffered harm, and continue to suffer harm, both economic and non-economic,

9

including but not limited to the reduction of their credit scores, higher costs for credit, and additional payments made under their retail installment sales contracts, in amounts and manners according to proof at the time of trial.

38. Plaintiff and the Injunctive Relief Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits, in an amount subject to proof at the time of trial, which may have been obtained by Santander and DOES 1 – 500, Inclusive, as a result of the wrongful business acts and/or practices of Santander, and DOES 1 – 500, Inclusive, and each of them, as alleged herein.

39. Plaintiff is informed and believes, and based thereon alleges, that the wrongful acts and/or omissions of Santander and DOES 1 – 500, Inclusive, and each of them, as alleged above, are a serious and continuing threat to Plaintiff, the Injunctive Relief Class, and the general public. If Santander and DOES 1 – 500, Inclusive, are allowed to continue their wrongful acts, Plaintiff, the Injunctive Relief Class, and other members of the general public will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges, that, in the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to violate Business and Professions Code §17200 et seq., and the rights of Plaintiff, the Injunctive Relief Class, and the general public to full and truthful disclosure, as required therein.

40. Plaintiff and the Injunctive Relief Class seek an order, pursuant to Business and Professions Code §17203, enjoining Santander, and DOES 1 – 500, Inclusive, from continuing to violate Business and Professions Code §17200 et seq. through its wrongful acts and/or omissions alleged above.

41. Plaintiff and the Injunctive Relief Class seek an order, pursuant to Business and Professions Code §17203, enjoining Santander, and DOES 1 – 500, Inclusive, from continuing to cause harm to Plaintiff's and the Injunctive Relief Class's credit scores by improperly reporting negative credit history and/or refusing to correct untrue credit information it provided to the credit reporting agencies.

42. Pursuant to C.C.P § 1021.5, California's private attorney general statute, Plaintiff and the Injunctive Relief Class are entitled to recover reasonable attorneys' fees (in addition to other litigation costs properly recovered under C.C.P. §1032) if successful in securing injunctive relief against Santander.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment, as follows:

**On the First Class Cause of Action, for Violation of California Business and Professions Code §17200, et seq., Unlawful Acts or Practices, against SANTANDER, and DOES 1 – 500, Inclusive, jointly and severally:**

    a. For a determination by the court that the conduct of Defendants, as alleged herein, constitutes a violation of Business and Professions Code §17200 et seq.;

    b. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for Defendants, from violating Business and Professions Code §17200 et seq. with Santander's practices regarding the reporting of charge offs to the credit reporting agencies, and the rights of Plaintiff and the Injunctive Relief Class to full and truthful disclosure regarding Santander's reporting of charge offs to credit reporting companies, as required therein;

    c. For restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such unlawful business acts or practices, including any extra payments or fees collected by Santander;

    d. For interest on the restitution amount at the legal rate from the date each item of

11

restitution was incurred;

e. For reasonable attorneys' fees, costs and expenses; and,

f. For such other and further relief as the court deems appropriate under the circumstances.

Dated: July 6, 2017          **LAW OFFICE OF OTTO & GUILLEN, A PC**

By: _____
    Ian Otto
    Alexander A. Guillen
    Attorneys for Plaintiff,
    Julia Owen

12